

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2009

# USA v. Wreh Tiewloh

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Wreh Tiewloh" (2009). *2009 Decisions*. Paper 1635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2144
_____

UNITED STATES OF AMERICA

v.

WREH TIEWLOH,
                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-07-cr-00249-1)
District Judge:  Honorable James T. Giles

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 3, 2009
Before:  BARRY, WEIS and ROTH, Circuit Judges.

Filed on March 31, 2009
_____

OPINION
_____

WEIS, Circuit Judge.

        On January 18, 2007, after being advised that despite a detainer against him

Saite Tiewloh had been released from a county jail, a U.S. Immigration and Customs

1

Enforcement ("ICE") agent secured an arrest warrant for Tiewloh based on immigration law violations. The following day, ICE agents attempted to apprehend him at his mother's residence. As Agent Michael Pausic knocked on the front door, he observed, through the front window of the residence, defendant Wreh Tiewloh, the brother of alien Saite, sleeping on a couch. When Agent Pausic announced "police," defendant woke up, looked at the agents through the window, and proceeded to walk up a flight of stairs.

Agent Pausic continued to knock on the front door. After a minute or two, another man, Prince Zuah, opened the door. Agent Pausic informed Zuah that he was a federal agent with an arrest warrant for an individual living at the residence. Zuah replied, "okay," and turned to the side, allowing the ICE agents to enter the house.

As the ICE agents entered the house, defendant returned to the front room and Agent Pausic informed him that ICE was executing an arrest warrant for an individual living at the residence. Defendant replied by identifying himself and telling Agent Pausic that ICE might be looking for his brother who, according to defendant, was incarcerated. While Agent Pausic and defendant were conversing, other ICE agents executed a security sweep of the residence. During the course of the sweep, firearms and narcotics were observed in plain view. Philadelphia narcotics officers were then notified, who obtained a search warrant and arrested defendant.

At the time of the raid, Saite (the subject of the arrest warrant), was in state custody, although not in the county jail where the immigration detainer had been lodged.

2

He had been transferred from the original county jail to a different jail on September 1, 2006, and, in an apparent oversight, ICE officials were not notified.  When Agent Pausic followed up on the detainer on January 18, 2007, the original jail erroneously notified him that Saite had likely been released to the street.  Agent Pausic learned the inaccuracy of that information on January 22, 2007 – three days after the defendant was arrested.

Following the denial of his motion to suppress, Wreh was convicted in a jury trial of one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c).

Defendant has appealed, contending that the ICE agents had neither probable cause nor sufficient reason to believe that his brother Saite was present at his mother's house at the time the arrest warrant was executed. Therefore, defendant argues that the evidence seized from the home was the fruit of an unlawful entry and should have been suppressed pursuant to Wong Sun v. United States, 371 U.S. 471, 484-85 (1963).

The District Court held a hearing, reviewed the circumstances, and denied the defendant's motion to suppress.  We agree with the District Court's conclusion. "[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York, 445 U.S. 573, 603 (1980).  We have reviewed

3

the record and, considering the totality of the circumstances within the knowledge of the ICE agents here, see United States v. Veal, 453 F.3d 164, 167-68 (3d Cir. 2006) (we "consider 'the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality'" in determining whether the Payton standard is satisfied (quoting United States v. Magluta, 44 F.3d 1530, 1535 (11th Cir. 1995))), we find that there was reason to believe Saite Tiewloh was within his mother's house when the arrest warrant was executed.

Accordingly, the judgment of the District Court will be affirmed.